*law library*

**IN THE SUPERIOR COURT OF GUAM**

| | | |
|---|---|---|
| DARIUS A. RICHARDSON, M.D., | ) | Domestic Case No. DM361-01 |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| | ) | RE CHILD SUPPORT |
| vs. | ) | |
| | ) | |
| JEAN LORRAINE RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Issues regarding child support came before this Court following the Guam Supreme Court decision, *Richardson vs. Richardson,* 2010 Guam 14. An evidentiary hearing was held that lasted several days. Attorney Daniel Berman appeared for and with Plaintiff Darius A. Richardson ("Father"). Defendant Jean L. Richardson ("Mother"), *pro se,* appeared through video-conferencing and telephone-conferencing. The Court, after having heard the testimony of the parties and other witnesses and having reviewed the exhibits entered in the case and the record, now issues its Decision and Order.

The issues addressed in this Decision are: **(I)** calculation of child support from August 1, 2008 through July 31, 2009; and **(II)** calculation of child support from August 1, 2010 forward. The Guam Supreme Court held that this Court erred in deviating from the Guidelines to determine total monthly child support and in calculating the imputed income of Mother.

### I. August 1, 2008 through July 31, 2009.

**A.** The calculation of Father's income was not appealed. The amount of Father's annual income is $130,210 and his monthly income is $10,851[1].

---

[1] *See* November 10, 2008 Finds. & Order at 2, items 1-3.

1

**B.** The computation of Mother's imputed income was appealed. The Supreme Court held that Mother's continued unemployment was voluntary. *See Richardson,* 2010 Guam 14 ¶ 32. The Supreme Court declined to find that caring for children not of school age was reasonable cause for the voluntary unemployment and further held that time spent in self-representation was not cause for voluntary unemployment. *Id.* ¶¶ 41-43. The Supreme Court concluded that this Court's decision to impute income was proper and appropriate.

The Supreme Court "remand[ed] the issue of Jean's earning capacity for findings consistent with this opinion and leave for the trial court to determine in the first instance whether part-time employment is due to a 'reasonable cause' under section 1203(a)(5) of the Guam Administrative Rules and Regulations." *Id.* ¶ 54. This Guidelines item provides that:

> (5) If a parent is unemployed . . . the court may consider the reasons. If earnings are reduced as a matter of choice and not for reasonable cause, such as caring for children, the court may attribute income to the parent up to his or her earning capacity.

Mother testified that she was unable to be employed because of her young children's need for care after school[2]. She admitted that, although there was a charge, she could enroll the children in after-school care. Father's expert witness testified that was not good cause for part-time employment because flex time was available and she could work a full-day and still pick up her children after school.[3]

On August 1, 2008, Moses was 13 year old, Sahara was 10 ½ years old, and Garcelle was 8 ½ years old. Moses attended a public school.[4] Sahara and Garcelle attended private school.[5] Mother took the children to school and picked them up after school.[6]

---

[2] Hearing 1/7/11 at 2:09 p.m.
[3] Testimony of David Burger at Hearing 1/7/11 at 4:26 p.m.
[4] November 10, 2008 Dec. & Order at 3.
[5] *Id.*

If Mother was employed full-time, then the younger children would either have to be enrolled in the after-school care program increasing their educational expenses or use public transportation to return to their residence. Given their youth, public bus transportation is chancy. The Court finds it would be reasonable for Mother to be employed at least six hours per day and care for the younger children from 3 p.m. to 5 p.m. when she has custody in 2008.

Father presented extensive expert evidence regarding Mother's earning capacity in Honolulu and New York City. The Guam Supreme Court held that in construing 19 G.A.R. Section 1203(a)(5), earning capacity is "the amount of income [a parent] would earn by making all reasonable voluntary efforts to maximize income." *Richardson,* 2010 Guam 14 ¶ 45. In her treatise, cited with approval by the Guam Supreme Court, Laura W. Morgan suggests the factors to be considered in determining the amount of imputed income are:

> In most states, the first step in determining whether to impute income as a matter of law is to determine earning capacity. A party's earning capacity is the amount of income he or she would earn by making all reasonable voluntary efforts to maximize income. . . . Further, a person's earning capacity as a question of fact is to be based on evidence in the record.
>
> When determining "earning capacity," the courts have generally focused on five factors. First, the court will look to the work and earnings history of the parent. The courts generally do not like to impute income to a parent at a level more than the parent ever earned in the past, especially if that parent has been out of the job market for a number of years.
>
> Second, the courts look at the educational attainments of the parent. Court do not like parents who do not utilize their education to maximize income. Third, courts look at specific occupational qualifications. Courts will not impute income at an occupational level the parents cannot or have not attained. Fourth, the courts will look at the parent's specific physical and mental condition. Fifth, the courts will look to prevailing job opportunities in appropriate geographic area, along with the prevailing wages in that geographic area. [Citations omitted.]

---

[6] *Id.*

Laura W. Morgan, *Child Support Guidelines: Interpretation and Application* §2.04(c) (2010 Supplement).

The application of these five factors is as follows:

First, with respect to Mother's work and earnings history, although the evidence shows that Mother was last remuneratively employed before Moses was born, the evidence also shows that Mother has demonstrated that she possesses the legal skills of a seasoned paralegal. More specifically, Mother been *pro se* since the trial in the matter, and, as a *pro se* litigant, she has prepared numerous pleadings for trial and the appeal and has appeared at both trial and appellate hearings. In fact, Father's expert testified that she demonstrated skill as a paralegal and was qualified for the position of Paralegal 2.[7]

Second, with respect to Mother's education, she has a Bachelor of Science degree from Vassar College (1986) and attended but did not graduate from PACE Law School.[8]

Third, Father argues that Mother is qualified to do paralegal work in either Honolulu or New York City.[9] Mother testified that she included as imputed income $12,000 per annum for part-time work as an administrative assistant or secretary.[10] In Mother's opinion, the full-annual salary for such a position is $24,000.

Fourth, Mother did not argue that she was either physically or mentally impaired limiting her ability to be employed.

---

[7] Testimony of David Burger at Hearing 12/16/10 at 3:27 p.m. and 3: 41 p.m. See also Plaintiff's Exhibit O, page 7, E.5.

[8] *See* Pl.'s Ex. O, at 3, pt. (b).

[9] Mother did not present sufficient evidence to show that she would not be able to obtain employment as a paralegal in Honolulu or New York City. Mother also did not contradict Mr. Burger's position that she "as significant opportunities for employment as a paralegal either in Honolulu or New York City." *See* Pl.'s Ex. O at 7, pt. E.

[10] Hearing 1/7/11 at 4:17 p.m.

Fifth, the Court must determine the prevailing wages in the appropriate geographical area. When Mother has custody of the children she resides in Honolulu. When she does not have custody, she resides in New York City. Mother concedes that she could earn $24,000 per annum in Honolulu.

Father's expert testified that, in his opinion, Mother could earn $52,000 per annum in Honolulu and $75,000 per annum in New York City.[11] He reached his conclusion relying on employment web-sites and three sworn attorney opinions.[12]

The declaration from the attorney about Honolulu salaries states that the range of salaries in his firm is $40,000 to $60,000.[13] The expert's conclusion is based on salaries for 2010. Given Mother's lack of employment for many years the Court finds that she would enter the workforce at an entry level or on the lower side of the salary ranges. As such, imputed income for Mother in Honolulu in 2008 is $40,000 per annum. Thus, for purposes of the 2008 child support worksheets, her annual income will be $30,000 ($2,500 per month) representing ¾ time. For purposes of the 2009 child support worksheets, her annual income will be $40,000 ($3,333 per month) representing full time employment in either Honolulu or New York City.[14]

C.    The Guam Supreme Court held that this Court may not deviate from the Child Support Guidelines,[15] except to consider whether entertainment, extracurricular activities and internet expenses are included under Miscellaneous. Further, the Supreme Court required

---

[11] *See* Pl.'s Ex. O, at 8, pt. E, ¶¶ 6, 7.

[12] *See id.* at 5-6.

[13] Mother did not present sufficient evidence to contradict the salary ranges provided in the declaration.

[14] The salary ranges in New York City are from $40,000 to $175,000. *See id.* at 5, pt. c.

[15] "Since the Guam Child Support Guidelines include the costs of shelter, food, food away from home, utilities, clothing and transportation, the trial court erred as a matter of law when it recalculated rent, food, utilities, clothing school lunch and transportation expenses as 'actual cost[s]' warranting an upward deviation from the Guam Child Support Guidelines without a preliminary finding that the children or their circumstances were significantly different from those of the average child and the application of the Guam Child Support guidelines would be inequitable." *Richardson,* 2010 Guam 14 ¶ 26.

5

the inclusion of private school tuition and expenses in the Guidelines. *See Richardson,* 2010 Guam 14 ¶ 55.

During the original trial, both parents testified that they wanted their children to receive fine educations and be well-rounded. The parents encouraged the children's participation in various extra-curricular activities such as music lessons, sports or fitness activities, travel and so forth.

Both the Guam Supreme Court and the Guidelines agree on providing the children with appropriate support. "The ultimate goal in any child support case is to protect the best interests of the children." *Leon Guerrero vs. Moylan,* 2002 Guam 18 ¶ 16. "The child support award should permit the children the standard of living which as closely as possible approximates the one they would have had if the family remained together, recognizing the cost of maintaining two households." 19 GAR § 1202(b)(2). Since both parents believe it is in the best interests of their children that they participate in extra-curricular activities, a reasonable amount shall be added beyond the Guidelines to provide for some activity. Mother presented evidence that, while the children were with her in Honolulu, Sahara participated in the school choir and took piano lessons, and Garcelle participated in gymnastics. Sahara's piano lessons cost $180 per month and Garcelle's gymnastics cost $90 per month.[16] Mother also rented a piano at the cost of $75 per month.

An essential element in the parenting plan ordered by this Court is communication between the children and the non-custodial parent.[17] This Court ordered that Father facilitate the communication by purchasing a computer and paying for the children's household internet

---

[16] *See* Def.'s Ex. D.
[17] *See* July 19, 2006 Finds. of Fact & Concl. L. at 33, item 9.

connections even when he was not the custodial parent.[18] As the children have gotten older, an adequate internet connection has also become important for their participation in school. A reasonable amount shall be added beyond the Guidelines to provide for such connection. As such, each household shall be allotted $50 per month for an internet connection.

**D.** Further, Sahara went on a class trip to Washington, D.C. and New York City. Since this was a nonrecurring education expense, it should be treated similar to uninsured medical costs, that is each party will be responsible for costs in proportion to their respective adjusted gross incomes. Nonrecurring educational expenses will be treated similarly.

**E.** Worksheets have been prepared for 2008 when Mother had custody of all three children and for 2009 when Father had all three children. Father presented evidence that he pays, on a monthly basis, medical insurance for the children as follows: $415.18 for 2008 and $516 for 2009. For 2008, Father is ordered to pay Mother $4,406 per month in child support.[19] For 2009, Mother is ordered to pay Father $1,257 per month in child support.[20] Any amount unpaid by Mother to Father shall be credited against any child support in arrears owed by Father to Mother.

**F.** Each parent is ordered to submit a record of payments made from August 1, 2008 through July 31, 2009 in support of the children. These payments may include payments for court-ordered support, health care, medical insurance, extra-curricular activities, school tuition, fees and books and household internet connections. The record is due thirty days after issuance of this Decision and Order. An order regarding arrears will issue thereafter.

---

[18] *See* July 1, 2005 Parenting Plan at 4.
[19] *See* Appendix A.
[20] *See* Appendix B.

**II. August 1, 2010 and thereafter.**

A.    The calculation of Father's income is based on the law of the case[21] and evidence received during the hearings. Mother urges the Court not to base calculation of Father's income on his 2009 income tax returns. She vigorously attacked the reliability of his income tax returns and other financial documents through cross examination of Father and his witnesses. However, she failed to offer any evidence contrary to Father's evidence of his income and business expenses.

1. Father's gross income for 2009 was $464,020.

2. The following are ordinary and necessary expenses required to earn income and shall be used in determining Father's income for purposes of child support for the year 2010 as set out in Father's 2009 income tax return[22]:

| | | |
|---|---|---|
| (a) Salaries and wages | $ | 86,358 |
| (b) Medical supplies | | 77,268 |
| (c) Mortgage interest | | 13,895 |
| (d) Gross receipts taxes | | 12,208 |
| (e) Advertising | | 5,473 |
| (f) Bank service charges and interest | | 8,736 |
| (g) Repairs and maintenance | | 8,047 |
| (h) Insurance | | 18,701 |
| (i) Travel and entertainment | | 8,872 |
| (j) Utilities | | 24,531 |

---

[21] *See* July 19, 2006 Finds. Fact & Concl. L. at 40-49. The revised Child Support Guidelines under 19 GAR § 1203(3) has not changed from the Guidelines cited. Since Father's income was not appealed, the same methodology will be used in calculating Father's income.

[22] *See* Ex. 2 of Pl.'s Counsel's Declaration filed December 1, 2010.

| | |
|---|---|
| (k) Office expenses | 10,293 |
| (l) Telephone | 5,018 |
| (m) Janitorial Expenses | -- |
| (n) Outside services | 3,123 |
| (o) Dues and subscriptions | 6,490 |
| (p) Security | 6,300 |
| (q) Postage and delivery | 5,831 |
| (r) Reference Materials | 9,670 |
| (s) Printing | 3,776 |

The Court finds that the following expenses are inappropriate for determining Father's income for purposes of child support for the year 2010 as set out in Father's income tax return:

| | |
|---|---|
| (a) Depreciation and amortization | 5,506 |
| (b) Professional fees | 8,755 |

Thus, in 2009, Father's income from his business is $149,430. In this case, for purposes of calculating child support obligations for 2010 and subsequent years, the Court will use Father's gross monthly income is $12,453 for 2009.

Two worksheets have been prepared for 2010 when Mother had custody of two children and Father had custody of one child.[23] A worksheet has also been prepared for 2011 when Father had custody of all three children.[24]

For 2010 (and every even-numbered year thereafter), Father is ordered to pay Mother $4,136 per month in child support for two children and Mother is ordered to pay Father $1,037

---

[23] *See* Appendix C and D. Since this custody arrangement applies every even-numbered year, the worksheets for 2010 are applicable to every subsequent even-numbered year.
[24] *See* Appendix E. Since Father has custody of all three children during every odd-numbered year, the worksheet for 2011 is applicable to every subsequent odd-numbered year.

per month in child support for one child. Father presented evidence that he pays, on a monthly basis, medical insurance for the children in the amount of $516 for 2010. For 2011 (and every even-numbered year thereafter), Mother is ordered to pay Father $1,202 per month in child support. The amount for private school tuition on Guam carries over from 2009. Any amount unpaid by Mother to Father shall be credited against any child support in arrears owed by Father to Mother, and likewise.

**B.**     Since Moses (born April 19, 1995) reaches the age of eighteen (18) on April 19, 2013, Mother will no longer be obligated to pay child support to Father for Moses after he turns eighteen (18) years of age. As such, after Moses turns 18, Mother will be obligated to pay Father $960 per month in child support, as shown in the attached Worksheet F which applies every odd-numbered year when Father has custody of the two children.

**C.**     With regard to travel costs for 2008 through present, the Court's prior order shall continue to remain in effect.

**D.**     Each parent is ordered to submit a record of payments made from August 1, 2009 through December 31, 2012 in support of the children. These payments may include payments for court-ordered support, health care, medical insurance, extra-curricular activities, school tuition, fees and books and household internet connections. The record is due thirty days after issuance of this Decision and Order. An order regarding arrears will issue thereafter.

## CONCLUSION

For the reasons stated above, this Court orders that:

A. For 2008, Father is to pay Mother $4,406 per month in child support;

B. For 2009, Mother is to pay Father $1,257 per month in child support;

10

C. For 2010 and every even-numbered year thereafter, Father is to pay Mother $4,136 per month in child support for two children and Mother is to pay Father $1,037 per month in child support for one child;

D. For 2011 and every odd-numbered year thereafter, Mother is to pay Father $1,202 per month in child support; however, after Moses turns 18, Mother is to pay Father $960 per month in child support; and

E. Previous Orders from 2008 to present, which are contrary to this Order, are hereby vacated.

SO ORDERED this 17th day of December, 2012.

_____
HONORABLE KATHERINE A. MARAMAN
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

DEC 17 2012

Leonard F. Ventura
Deputy Clerk, Superior Court of Guam

11

**Office of the Attorney General**
**Child Support Enforcement Division**
287 West O'Brien Drive
Hagåtña, GU 96910 • USA
(671) 475-3360 • (671) 475-3203 (Fax)
www.guamattorneygeneral.com• www.guamcse.net•email:child.support@guamcse.net

Attorneys for Government of Guam

# IN THE SUPERIOR COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| [1] | ) CHILD SUPPORT CASE NO. CS_____ [3] |
| DARIUS ABDUL RICHARDSON, | ) DOMESTIC CASE NO. DM 361-01 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) WORKSHEET FOR 2008 |
| | ) CHILD SUPPORT AMOUNT |
| [2] JEAN LORRAINE RICHARDSON, | ) SOLE CUSTODY FOR ALL |
| | ) THREE CHILDREN WITH MOTHER |
| | ) |
| Defendant. | ) |

The following information is based on the Guam Child Support Guidelines. It is submitted to the Court for consideration in determining the appropriate child support award and distribution.


**MONTHLY GROSS INCOME**

| | | | Father [  ] | Mother [  ] |
|---|---|---|---|---|
| | (4) | | | |
| Total Monthly Gross Income | (5) | | 10,851 | 2,500 |

**ADJUSTED MONTHLY GROSS INCOME**
Deductions from Monthly Gross
Income

| | | Father | Mother |
|---|---|---|---|
| Subtract $775 Self Support | (5a) | -$775.00 | -$775.00 |
| Spousal Maintenance Actual Paid | (6) | - | - |
| Child Support Actually Paid | (7) | - | - |
| Court Ordered Medical Insurance Actually Paid | (8) | -415.18 | - |
| Cost Of Supporting Other Children (Explain on Page 4) | (9) | - | - |
| Total Deductions | (10) | 1,190 | 775 |

CH.1-Office of the Attorney General
ART. 2 CHILD SUPPORT GUIDELINES

1

# APPENDIX A

| | | | Father | Mother |
|---|---|---|---|---|
| Adjusted Monthly Gross Income For Each Parent | (11) | | 9,661 | 1,725 |

**COMBINED ADJUSTED MONTHLY GROSS INCOME**  (12) 11,386

## BASIC CHILD SUPPORT OBLIGATION

| | | | | |
|---|---|---|---|---|
| Number of children for whom support is requested: | (13) | 3 | | |
| Basic Child Support Obligation | | | (14) | 2,531 |

## NECESSARY EXPENSES

| | | | | |
|---|---|---|---|---|
| Child Care Costs | (15) | − | | |
| Extra Education Expenses | (16) | 2,400 | | |
| Child Over 12 (Explain on page 4) | (17) | 253.10 | | |
| Total Necessary Expenses | | | (18) | 2,653 |

## TOTAL CHILD SUPPORT OBLIGATION

| | | | |
|---|---|---|---|
| Total Child Support Obligation | | (19) | 5,184 |

## EACH PARENT'S PERCENTAGE OF COMBINED INCOME

| Calculate for each parent | | Father | Mother |
|---|---|---|---|
| Adjusted Monthly Gross Income (from line 11) | (20) | 9,661 | 1,725 |
| Combined Adjusted Monthly Gross Income (from line 12) | (21) | 11,386 | 11,386 |
| Adjusted Monthly Gross Income DIVIDED BY Combined Adjusted Monthly Gross Income EQUALS | (22) | .85 | .15 |

## EACH PARENT'S PERCENTAGE OF THE TOTAL SUPPORT OBLIGATION

| Calculate for each parent | | Father | Mother |
|---|---|---|---|
| Total Child Support Obligation (from line 19) | (23) | 5,184 | 5,184 |
| Percentage of Combined Adjusted Monthly Gross Income (from line 22) | (24) | .85 | .15 |
| Percentage TIMES the total obligation EQUALS the amount of the parent's support obligation | (25) | 4,406 | 778 |

**Office of the Attorney General**
**Child Support Enforcement Division**
287 West O'Brien Drive
Hagåtña, GU 96910 • USA
(671) 475-3360 • (671) 475-3203 (Fax)
www.guamattorneygeneral.com• www.guamcse.net•email:child.support@guamcse.net

Attorneys for Government of Guam

# IN THE SUPERIOR COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| [1] DARIUS ABDUL RICHARDSON, | ) CHILD SUPPORT CASE NO. CS_____ [3] <br> ) DOMESTIC CASE NO. DM361-01_____ <br> ) |
| Plaintiff, | ) |
| vs. | ) WORKSHEET FOR 2009 <br> ) CHILD SUPPORT AMOUNT |
| [2] JEAN LORRAINE RICHARDSON, | ) SOLE CUSTODY FOR ALL <br> ) THREE CHILDREN WITH FATHER <br> ) |
| Defendant. | ) |

The following information is based on the Guam Child Support Guidelines. It is submitted to the Court for consideration in determining the appropriate child support award and distribution.

## MONTHLY GROSS INCOME

| | | | Father [ ] | Mother [ ] |
|---|---|---|---|---|
| | (4) | | | |
| Total Monthly Gross Income | (5) | | 10,851 | 3,333 |

## ADJUSTED MONTHLY GROSS INCOME

Deductions from Monthly Gross Income

| | | Father | Mother |
|---|---|---|---|
| Subtract $775 Self Support | (5a) | -$775.00 | -$775.00 |
| Spousal Maintenance Actual Paid | (6) | _____ | _____ |
| Child Support Actually Paid | (7) | _____ | _____ |
| Court Ordered Medical Insurance Actually Paid | (8) | -516 | _____ |
| Cost Of Supporting Other Children (Explain on Page 4) | (9) | _____ | _____ |
| Total Deductions | (10) | 1,291 | 775 |

CH.1-Office of the Attorney General
ART. 2 CHILD SUPPORT GUIDELINES

1

# APPENDIX B

| | | | Father | Mother |
|---|---|---|---|---|
| Adjusted Monthly Gross Income For Each Parent | (11) | | 9,560 | 2,558 |

**COMBINED ADJUSTED MONTHLY GROSS INCOME** (12) 12,118

**BASIC CHILD SUPPORT OBLIGATION**

| | | |
|---|---|---|
| Number of children for whom support is requested: | (13) | 3 |
| Basic Child Support Obligation | (14) | 2,668 |

**NECESSARY EXPENSES**

| | | |
|---|---|---|
| Child Care Costs | (15) | |
| Extra Education Expenses | (16) | 3,053 |
| Child Over 12 (Explain on page 4) | (17) | 266.80 |
| Total Necessary Expenses | (18) | 3,320 |

**TOTAL CHILD SUPPORT OBLIGATION**

| | | |
|---|---|---|
| Total Child Support Obligation | (19) | 5,988 |

**EACH PARENT'S PERCENTAGE OF COMBINED INCOME**

| Calculate for each parent | | Father | Mother |
|---|---|---|---|
| Adjusted Monthly Gross Income (from line 11) | (20) | 9,560 | 2,558 |
| Combined Adjusted Monthly Gross Income (from line 12) | (21) | 12,118 | 12,118 |
| Adjusted Monthly Gross Income DIVIDED BY Combined Adjusted Monthly Gross Income EQUALS | (22) | .79 | .21 |

**EACH PARENT'S PERCENTAGE OF THE TOTAL SUPPORT OBLIGATION**

| Calculate for each parent | | Father | Mother |
|---|---|---|---|
| Total Child Support Obligation (from line 19) | (23) | 5,988 | 5,988 |
| Percentage of Combined Adjusted Monthly Gross Income (from line 22) | (24) | .79 | .21 |
| Percentage TIMES the total obligation EQUALS the amount of the parent's support obligation | (25) | 4,731 | 1,257 |

# APPENDIX B

**Office of the Attorney General**
**Child Support Enforcement Division**
287 West O'Brien Drive
Hagåtña, GU 96910 • USA
(671) 475-3360 • (671) 475-3203 (Fax)
www.guamattorneygeneral.com• www.guamcse.net•email:child.support@guamcse.net

Attorneys for Government of Guam

# IN THE SUPERIOR COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| [1]<br>DARIUS ABDUL RICHARDSON,<br><br>                      Plaintiff,<br><br>         vs.<br><br>[2] JEAN LORRAINE RICHARDSON,<br><br>                  Defendant. | ) CHILD SUPPORT CASE NO. CS_____ [3]<br>) DOMESTIC CASE NO. DM 361-01<br>)<br>)<br>)<br>)<br>) WORKSHEET FOR 2010, 2012, ETC.<br>) CHILD SUPPORT AMOUNT<br>) SOLE CUSTODY FOR TWO<br>) CHILDREN WITH MOTHER<br>)<br>)<br>) |

The following information is based on the Guam Child Support Guidelines. It is submitted to the Court for consideration in determining the appropriate child support award and distribution.

## MONTHLY GROSS INCOME

| | | | Father [ ] | Mother [ ] |
|---|---|---|---|---|
| | | (4) | | |
| Total Monthly Gross Income | | (5) | 12,453 | 3,333 |

## ADJUSTED MONTHLY GROSS INCOME

| Deductions from Monthly Gross Income | | Father | Mother |
|---|---|---|---|
| Subtract $775 Self Support | (5a) | -$775.00 | -$775.00 |
| Spousal Maintenance Actual Paid | (6) | _____ | _____ |
| Child Support Actually Paid | (7) | _____ | _____ |
| Court Ordered Medical Insurance Actually Paid | (8) | -516 | _____ |
| Cost Of Supporting Other Children (Explain on Page 4) | (9) | _____ | _____ |
| Total Deductions | (10) | 1,291 | 775 |

# APPENDIX C

| | | | | Father | Mother |
|---|---|---|---|---|---|
| Adjusted Monthly Gross Income For Each Parent | (11) | | | 11,162 | 2,558 |

**COMBINED ADJUSTED MONTHLY GROSS INCOME** (12) 13,720

**BASIC CHILD SUPPORT OBLIGATION**

| | | | |
|---|---|---|---|
| Number of children for whom support is requested: | (13) | 2 | |
| Basic Child Support Obligation | | (14) | 2,742 |

**NECESSARY EXPENSES**

| | | | |
|---|---|---|---|
| Child Care Costs | (15) | | |
| Extra Education Expenses | (16) | 2,090 | |
| Child Over 12 (Explain on page 4) | (17) | 274.20 | |
| Total Necessary Expenses | | (18) | 2,364 |

**TOTAL CHILD SUPPORT OBLIGATION**

| | | |
|---|---|---|
| Total Child Support Obligation | (19) | 5,106 |

**EACH PARENT'S PERCENTAGE OF COMBINED INCOME**

| Calculate for each parent | | Father | Mother |
|---|---|---|---|
| Adjusted Monthly Gross Income (from line 11) | (20) | 11,162 | 2,558 |
| Combined Adjusted Monthly Gross Income (from line 12) | (21) | 13,720 | 13,720 |
| Adjusted Monthly Gross Income DIVIDED BY Combined Adjusted Monthly Gross Income EQUALS | (22) | .81 | .19 |

**EACH PARENT'S PERCENTAGE OF THE TOTAL SUPPORT OBLIGATION**

| Calculate for each parent | | | |
|---|---|---|---|
| Total Child Support Obligation (from line 19) | (23) | 5,106 | 5,106 |
| Percentage of Combined Adjusted Monthly Gross Income (from line 22) | (24) | .81 | .19 |
| Percentage TIMES the total obligation EQUALS the amount of the parent's support obligation | (25) | 4,136 | 970 |

# APPENDIX C

**Office of the Attorney General**
**Child Support Enforcement Division**
287 West O'Brien Drive
Hagåtña, GU 96910 • USA
(671) 475-3360 • (671) 475-3203 (Fax)
www.guamattorneygeneral.com• www.guamcse.net•email:child.support@guamcse.net

Attorneys for Government of Guam

## IN THE SUPERIOR COURT OF GUAM
## HAGÅTÑA, GUAM

[1]
DARIUS ABDUL RICHARDSON,

Plaintiff,

vs.

[2] JEAN LORRAINE RICHARDSON,

Defendant.

) CHILD SUPPORT CASE NO. CS_____ [3]
) DOMESTIC CASE NO. DM_361-01____
)
)
)
)
) WORKSHEET FOR 2010 AND 2012
) CHILD SUPPORT AMOUNT
) SOLE CUSTODY FOR ONE
) CHILD WITH FATHER
)
)
)

The following information is based on the Guam Child Support Guidelines. It is submitted to the Court for consideration in determining the appropriate child support award and distribution.

**MONTHLY GROSS INCOME**

|  |  | Father [  ] | Mother [  ] |
|---|---|---|---|
| Total Monthly Gross Income | (5) | 12,453 | 3,333 |

**ADJUSTED MONTHLY GROSS INCOME**

| Deductions from Monthly Gross Income |  | Father | Mother |
|---|---|---|---|
| Subtract $775 Self Support | (5a) | -$775.00 | -$775.00 |
| Spousal Maintenance Actual Paid | (6) | _____ | _____ |
| Child Support Actually Paid | (7) | _____ | _____ |
| Court Ordered Medical Insurance Actually Paid | (8) | -516 | - |
| Cost Of Supporting Other Children (Explain on Page 4) | (9) | _____ | _____ |
| Total Deductions | (10) | 1,291 | 775 |

# APPENDIX D

| | | | | Father | Mother |
|---|---|---|---|---|---|
| Adjusted Monthly Gross Income For Each Parent | | (11) | | 11,162 | 2,558 |

**COMBINED ADJUSTED MONTHLY GROSS INCOME**   (12)   13,720

## BASIC CHILD SUPPORT OBLIGATION

| | | | |
|---|---|---|---|
| Number of children for whom support is requested: | (13) | 1 | |
| Basic Child Support Obligation | | (14) | 2,058 |

## NECESSARY EXPENSES

| | | | |
|---|---|---|---|
| Child Care Costs | (15) | | |
| Extra Education Expenses | (16) | 1,136 | |
| Child Over 12 (Explain on page 4) | (17) | 206 | |
| Total Necessary Expenses | | (18) | 3,400 |

## TOTAL CHILD SUPPORT OBLIGATION

| | | |
|---|---|---|
| Total Child Support Obligation | (19) | 5,458 |

## EACH PARENT'S PERCENTAGE OF COMBINED INCOME

| Calculate for each parent | | Father | Mother |
|---|---|---|---|
| Adjusted Monthly Gross Income (from line 11) | (20) | 11,162 | 2,558 |
| Combined Adjusted Monthly Gross Income (from line 12) | (21) | 13,720 | 13,720 |
| Adjusted Monthly Gross Income DIVIDED BY Combined Adjusted Monthly Gross Income EQUALS | (22) | .81 | .19 |

## EACH PARENT'S PERCENTAGE OF THE TOTAL SUPPORT OBLIGATION

| Calculate for each parent | | | |
|---|---|---|---|
| Total Child Support Obligation (from line 19) | (23) | 5,458 | 5,458 |
| Percentage of Combined Adjusted Monthly Gross Income (from line 22) | (24) | .81 | .19 |
| Percentage TIMES the total obligation EQUALS the amount of the parent's support obligation | (25) | 4,421 | 1,037 |

# APPENDIX D

**Office of the Attorney General**
**Child Support Enforcement Division**
287 West O'Brien Drive
Hagåtña, GU 96910 • USA
(671) 475-3360 • (671) 475-3203 (Fax)
www.guamattorneygeneral.com• www.guamcse.net•email:child.support@guamcse.net

Attorneys for Government of Guam

# IN THE SUPERIOR COURT OF GUAM
## HAGÅTÑA, GUAM

| | |
|---|---|
| [1]  DARIUS ABDUL RICHARDSON, | ) CHILD SUPPORT CASE NO. CS_____ [3] |
| | ) DOMESTIC CASE NO. DM_361-01___ |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) WORKSHEET FOR 2011 |
| vs. | ) CHILD SUPPORT AMOUNT |
| | ) SOLE CUSTODY FOR |
| [2]  JEAN LORRAINE RICHARDSON, | ) ALL THREE CHILDREN |
| | ) WITH FATHER |
| Defendant. | ) |

The following information is based on the Guam Child Support Guidelines. It is submitted to the Court for consideration in determining the appropriate child support award and distribution.

### MONTHLY GROSS INCOME

|  | | Father [ ] | Mother [ ] |
|---|---|---|---|
| | (4) | | |
| Total Monthly Gross Income | (5) | 12,453 | 3,333 |

### ADJUSTED MONTHLY GROSS INCOME

| Deductions from Monthly Gross Income | | Father | Mother |
|---|---|---|---|
| Subtract $775 Self Support | (5a) | -$775.00 | -$775.00 |
| Spousal Maintenance Actual Paid | (6) | _____ | _____ |
| Child Support Actually Paid | (7) | _____ | _____ |
| Court Ordered Medical Insurance Actually Paid | (8) | -516 | _____ |
| Cost Of Supporting Other Children (Explain on Page 4) | (9) | _____ | _____ |
| Total Deductions | (10) | 1,291 | 775 |

# APPENDIX E

| | | | Father | Mother |
|---|---|---|---|---|
| Adjusted Monthly Gross Income For Each Parent | (11) | | 11,162 | 2,558 |

**COMBINED ADJUSTED MONTHLY GROSS INCOME** (12) 13,720

**BASIC CHILD SUPPORT OBLIGATION**

| | | | |
|---|---|---|---|
| Number of children for whom support is requested: | (13) | 3 | |
| Basic Child Support Obligation | | (14) | 2,976 |

**NECESSARY EXPENSES**

| | | | |
|---|---|---|---|
| Child Care Costs | (15) | | |
| Extra Education Expenses | (16) | 3,053 | |
| Child Over 12 (Explain on page 4) | (17) | 298 | |
| Total Necessary Expenses | | (18) | 3,351 |

**TOTAL CHILD SUPPORT OBLIGATION**

| | | | |
|---|---|---|---|
| Total Child Support Obligation | | (19) | 6,327 |

**EACH PARENT'S PERCENTAGE OF COMBINED INCOME**

| Calculate for each parent | | | Father | Mother |
|---|---|---|---|---|
| Adjusted Monthly Gross Income (from line 11) | (20) | | 11,162 | 2,558 |
| Combined Adjusted Monthly Gross Income (from line 12) | (21) | | 13,720 | 13,720 |
| Adjusted Monthly Gross Income DIVIDED BY Combined Adjusted Monthly Gross Income EQUALS | (22) | | .81 | .19 |

**EACH PARENT'S PERCENTAGE OF THE TOTAL SUPPORT OBLIGATION**

| Calculate for each parent | | | | |
|---|---|---|---|---|
| Total Child Support Obligation (from line 19) | (23) | | 6,327 | 6,327 |
| Percentage of Combined Adjusted Monthly Gross Income (from line 22) | (24) | | .81 | .19 |
| Percentage TIMES the total obligation EQUALS the amount of the parent's support obligation | (25) | | 5,125 | 1,202 |

# APPENDIX E

**Office of the Attorney General**
**Child Support Enforcement Division**
287 West O'Brien Drive
Hagåtña, GU 96910 • USA
(671) 475-3360 • (671) 475-3203 (Fax)
www.guamattorneygeneral.com• www.guamcse.net•email:child.support@guamcse.net

Attorneys for Government of Guam

## IN THE SUPERIOR COURT OF GUAM
## HAGÅTÑA, GUAM

| | | |
|---|---|---|
| [1] DARIUS ABDUL RICHARDSON, | ) | CHILD SUPPORT CASE NO. CS_____ [3] |
| | ) | DOMESTIC CASE NO. DM 361-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | WORKSHEET FOR 2013, 2015, etc. |
| | ) | CHILD SUPPORT AMOUNT |
| [2] JEAN LORRAINE RICHARDSON, | ) | SOLE CUSTODY FOR |
| | ) | TWO CHILDREN WITH FATHER |
| | ) | |
| Defendant. | ) | |

The following information is based on the Guam Child Support Guidelines. It is submitted to the Court for consideration in determining the appropriate child support award and distribution.

### MONTHLY GROSS INCOME

| | | Father [  ] | Mother [  ] |
|---|---|---|---|
| | (4) | | |
| Total Monthly Gross Income | (5) | 12,453 | 3,333 |

### ADJUSTED MONTHLY GROSS INCOME

| Deductions from Monthly Gross Income | | Father | Mother |
|---|---|---|---|
| Subtract $775 Self Support | (5a) | -$775.00 | -$775.00 |
| Spousal Maintenance Actual Paid | (6) | _____ | _____ |
| Child Support Actually Paid | (7) | _____ | _____ |
| Court Ordered Medical Insurance Actually Paid | (8) | -516 | _____ |
| Cost Of Supporting Other Children (Explain on Page 4) | (9) | _____ | _____ |
| Total Deductions | (10) | 1,291 | 775 |

CH.1-Office of the Attorney General
ART. 2 CHILD SUPPORT GUIDELINES
1

**APPENDIX F**

| | | | Father | Mother |
|---|---|---|---|---|
| Adjusted Monthly Gross Income For Each Parent | (11) | | 11,162 | 2,558 |

**COMBINED ADJUSTED MONTHLY GROSS INCOME** (12) 13,720

**BASIC CHILD SUPPORT OBLIGATION**

| | | | | |
|---|---|---|---|---|
| Number of children for whom support is requested: | (13) | 2 | | |
| Basic Child Support Obligation | | | (14) | 2,742 |

**NECESSARY EXPENSES**

| | | | | |
|---|---|---|---|---|
| Child Care Costs | (15) | | | |
| Extra Education Expenses | (16) | 2,035 | | |
| Child Over 12 (Explain on page 4) | (17) | 274.20 | | |
| Total Necessary Expenses | | | (18) | 2,309 |

**TOTAL CHILD SUPPORT OBLIGATION**

| | | | | |
|---|---|---|---|---|
| Total Child Support Obligation | | | (19) | 5,051 |

**EACH PARENT'S PERCENTAGE OF COMBINED INCOME**

| | | | Father | Mother |
|---|---|---|---|---|
| Calculate for each parent | | | | |
| Adjusted Monthly Gross Income (from line 11) | (20) | | 11,162 | 2,558 |
| Combined Adjusted Monthly Gross Income (from line 12) | (21) | | 13,720 | 13,720 |
| Adjusted Monthly Gross Income DIVIDED BY Combined Adjusted Monthly Gross Income EQUALS | (22) | | .81 | .19 |

**EACH PARENT'S PERCENTAGE OF THE TOTAL SUPPORT OBLIGATION**

| | | | | |
|---|---|---|---|---|
| Calculate for each parent | | | | |
| Total Child Support Obligation (from line 19) | (23) | | 5,051 | 5,051 |
| Percentage of Combined Adjusted Monthly Gross Income (from line 22) | (24) | | .81 | .19 |
| Percentage TIMES the total obligation EQUALS the amount of the parent's support obligation | (25) | | 4,091 | 960 |

**APPENDIX F**